**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Casandra B. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50042 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Casandra B., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the court remands this matter for further proceedings consistent with this opinion.

**BACKGROUND**

**A. Procedural History**

On September 29, 2021, Casandra B. ("Plaintiff") filed a Title II application for disability and disability insurance benefits. R. 15. Plaintiff also filed a Title XVI application for supplemental security income on March 29, 2022. *Id.* In both applications, Plaintiff alleged a disability beginning on January 1, 2014. *Id.* The Social Security Administration denied her applications initially on February 15, 2022, and upon reconsideration on November 23, 2022. *Id.* Plaintiff filed a written request for a hearing and on September 13, 2023, a telephonic hearing was held by Administrative Law Judge ("ALJ") George M. Gaffaney where Plaintiff appeared, testified, and was represented by counsel. *Id.* Tobey Andre, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

**B. The ALJ's Decision**

In his ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2014, the alleged onset date. R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: migraine headaches; depression; anxiety; panic disorder; agoraphobia; attention-deficit hyperactivity disorder ("ADHD"); and schizoaffective disorder, bipolar type. R. 18. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id.* At step three, the ALJ found that

Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 18.

Before step four, the ALJ found that Plaintiff had a mental residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: she can never climb ladders; she must avoid exposure to hazards such as unprotected heights and dangerous moving machinery; she can have occasional exposure to extremes of heat and cold; she can perform simple, routine tasks; she can tolerate occasional change in a routine work setting; she can have no interactions with the public; and she can have occasional interactions with coworkers and supervisors. R. 20. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 25. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including assembler, mail clerk, and laundry sorter. R. 26. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time since January 1, 2014, the alleged onset date. R. 26-27.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, No. 24-1590, 2025 WL 2202133, at *3 (7th Cir. Aug. 4, 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (quoting *Biestek*, 587 U.S. at 103) (citation modified). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified) (citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id*. Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the

2

evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citation modified) (citations omitted); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff argues that remand is warranted because the ALJ erred in several ways, including: (1) failing to fully account for Plaintiff's moderate limitations in concentration, persistence, or pace; (2) failing to fully account for Plaintiff's moderate limitations in working close to or with others; (3) inadequately accounting for Plaintiff's panic attacks and agoraphobia in the mental RFC; and (4) improperly assessing Plaintiff's subjective symptoms. The Court finds that the ALJ inadequately explained his consideration of Plaintiff's agoraphobia and panic attacks in assessing the RFC. Accordingly, the Court remands the case for further proceedings consistent with this opinion.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 416.945(a)(1); SSR 96-8p, 1996 WL 374184, at *2. When determining a claimant's RFC, an ALJ must "evaluate the intensity and persistence of [a claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 416.945(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005)). "Essentially, an ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (internal quotations and citation omitted).

The ALJ has not demonstrated that he considered the totality of Plaintiff's limitations and included all limitations supported by the record in formulating the RFC. As stated above, at step two the ALJ found that Plaintiff's agoraphobia and panic disorder constituted severe impairments that "significantly limited[ed] the ability to perform basic work activities." R. 18. In other words, "in finding Plaintiff's panic disorder [and] agoraphobia severe, the ALJ necessarily determined that those conditions caused significant functional work limitations." *Dominick P. v. O'Malley*, 23 C 15046, 2024 WL 2292880, at *3 (N.D. Ill. May 21, 2024). While the ALJ recited Plaintiff's testimony and diagnoses from medical consultants related to panic attacks and agoraphobia, the ALJ did not provide any explanation as to what, if any, work limitations resulted from Plaintiff's conditions. R. 22-24; *Dominick P.*, 2024 WL 2292880, at *3 ("[T]he ALJ made no attempt whatsoever to explicitly explain what work limitations were associated with Plaintiff's panic disorder with agoraphobia, nor did he explicitly consider the impact of those conditions on Plaintiff's residual functional capacity.") (citing *Christopher M.L. v. Kijakazi*, No. 20 C 6407, 2022 WL 3445499, at *2 (N.D. Ill. Aug. 17, 2022)).

The Commissioner dismisses Plaintiff's argument, emphasizing that, as to her agoraphobia, Plaintiff bore the burden of proving that the impairment required particular work restrictions. [16], p.8. The Commissioner further argues that Plaintiff did not meet that burden and

"therefore [the ALJ] was not required to include any restrictions specifically related to agoraphobia-related work absences where he found there would be none." *Id.* Nevertheless, the Court finds that once the ALJ determined that Plaintiff's impairments were severe, he was required to account for how those impairments impacted her residual functional capacity. *Dominick P.*, 2024 WL 2292880, at *3 (remanding where an ALJ found panic disorder with agoraphobia constituted a severe impairment but did not address it in the RFC); *Rosie K. v. Kijakazi*, No. 22 C 7296, 2023 WL 8475760, at *3 (N.D. Ill. Dec. 7, 2023) (remanding because the ALJ found that claimant's panic disorder was a severe impairment but failed to address it in the RFC); *see Moon v. Colvin*, 763 F.3d 718, 721 (finding error where an ALJ determined headaches constituted a severe impairment but failed to account for it in the RFC); *Lorena T. v. Saul*, No. 18 C 6348, 2020 WL 977967, at *2, *9 (N.D. Ill. Feb. 28, 2020) (finding error where an ALJ's RFC determination did not account for panic attacks despite finding that anxiety disorder constituted a severe impairment).

The ALJ's decision falls short of what is required, and this error is not harmless. It is unclear to the Court to what extent, if any, the ALJ intended to account for Plaintiff's agoraphobia and panic attack conditions in the mental RFC. Indeed, at no point did the ALJ discuss any potential attendance-related issues stemming from Plaintiff's agoraphobia and panic attacks. This void merely demonstrates that the ALJ did not build the necessary logical bridge between the evidence and his determination. *Bakke*, 62 F.4th at 1066; *Dominick P.*, 2024 WL 2292880, at *3 ("To the extent the RFC limitations included by the ALJ were meant to accommodate Plaintiff's panic attacks and fear of leaving the house, the ALJ provided no explanation on those issues and the requisite logical bridge is missing."). Without any information on this front, the Court cannot avoid a remand.

Because the Court remands the ALJ's decision for failing to properly consider Plaintiff's panic attacks and agoraphobia in his RFC determination, the Court need not address Plaintiff's additional arguments. In omitting other issues raised by Plaintiff in this opinion, the Court is not opining that other portions of the ALJ's decision were without error. Accordingly, on remand, the Commissioner should take care that Plaintiff's subjective symptoms are properly assessed. Plaintiff should raise all arguments regarding any other alleged errors by the ALJ on remand.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to reverse and remand the Commissioner's decision [12] is granted. This matter is remanded for further proceedings consistent with this opinion.

Date: November 17, 2025                    ENTER:

*Margaret J. Schneider*

4